IN AND FOR THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CV-23763-JLK

PHUKET THONGSODCHAREONDEE,

    Plaintiff,

v.

KING KONE FOOD, INC., a Florida
corporation, and PAUL B. LAIB, individually,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendants' Amended Motion for Summary Judgment (DE #26), filed June 3, 2011. Therein, Defendants state that summary judgment is appropriate on their behalf in this action under the Fair Labor Standards Act ("FLSA") because they operated a "small, local fast food outlet with one location in South Florida" that has never grossed more than $500,000, which is insufficient to qualify under FLSA coverage. 29 U.S.C. § 203(s)(1)(A)(i) (mandating coverage exists only where "an enterprise whose annual gross volume of sales made or business done is not less than $500,000..."). Plaintiff opposes summary judgment, both on the basis that Defendants' gross volume of sales may exceed $500,000 for the relevant time period and because he believes he is covered as an individual doing business in interstate commerce.[1]

---

[1] Defendants' Amended Motion for Summary Judgment has been fully briefed by the parties, as Plaintiff filed his Opposition (DE #28) on June 17, 2011, to which Defendants filed their Reply (DE #31) on July 1, 2011.

I.   **Factual Background**

According to the Complaint (DE #1), Plaintiff was at all relevant times a resident of Miami, Florida. He worked as a chef in Defendants' sushi restaurant, which the record reflects is located on Miami Beach. (DE #1 ¶13). His Complaint is based upon his allegations that he did not receive the pay to which he is entitled under the FLSA.[2]

II.  **Legal Standard for Summary Judgment**

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

---

[2] The Court notes that both parties failed to comply with the Local Rules of the Southern District of Florida, which requires the filing of a Statement of Undisputed Facts when filing a motion for summary judgment. Local Rule 7.5. Nonetheless, given the evidence submitted to the Court, the Court finds that such omission is not fatal to the substantive relief being sought.

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III.   Discussion

Defendants now move for summary judgment on the basis that Plaintiff cannot meet his burden of showing that the FLSA applies to Defendants. In particular, Defendants note that under the explicit terms of the FLSA, certain conditions must be met for a business to qualify as an "enterprise":

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)

29 U.S.C. §203(s)(1)(A). Unless both those conditions are met, there can be no enterprise liability under the FLSA.

Here, Defendants have produced substantial evidence demonstrating that the restaurant in which Plaintiff was employed never grossed $500,000. In particular, Defendants note that they have produced their financial statements for the relevant time period, as well as a sworn declaration, all of which reflect that Defendants never had an annual revenue exceeding $328,599. *See, e.g.*, (DE # 26-1, 26-2).

Plaintiffs have not rebutted that production, and assert no basis for this Court to find that enterprise coverage under the FLSA is appropriate. In response to Defendants' production, Plaintiffs state that "[a]fter reviewing all fniancials submitted by Defendants, Plaintiff determined that there are some discrepancies regarding the financial statements." (DE #28 at 4). However, the only discrepancies named by Plaintiff are the lack of "inventory attached, no declaration of how much the owner of the company was paid and as the statements were no [sic] reviewed by a CPA, [the Plaintiff] cannot conclude that the amount of purchases are not underestimated which would underestimate the amount of sales." *Id.* at 4-5. Moreover, Plaintiff claims he served a Request for Production that sought more information in support of enterprise coverage, but that Defendants objected and refused to respond.

Such cannot serve as a sufficient basis to deny summary judgment. Plaintiff has adduced no evidence to support a finding of enterprise coverage under the FLSA. Plaintiff has submitted no evidence to this Court that would support a determination that Defendants had an annual gross volume of sales made or business done in excess of $500,000. 29 U.S.C. § 203(s)(1)(A)(ii). Nor can Plaintiff's claim that Defendants failed to produce responsive information be considered where a review of the record demonstrates that Plaintiff never filed a motion to compel any information that Plaintiff now claims is relevant. Instead, the only discovery motion on the Court's docket for the above-styled matter is a Motion to Quash (DE #17) filed by Defendants, which was promptly resolved by Magistrate Judge McAliley. (DE#23). Plaintiff even conceded at

deposition that he has no evidence supporting his claim that Defendants have annual gross revenues exceeding $500,000. *See generally* (DE #26-4).

Given the totality of the evidence submitted to the Court by the parties and a review of the financial statements attached by Defendants and unrebutted by Plaintiff, the Court finds that Defendants do not qualify as an "enterprise" within the meaning of the FLSA. Therefore, the FLSA cannot apply in the absence of an alternative avenue of coverage.

In its Opposition to summary judgment, Plaintiff claims that individual coverage under the FLSA represents such an avenue of recovery. Plaintiff cites several cases which permit a certain type of employee to be covered by the FLSA even in the absence of a finding of enterprise. So, for example, Plaintiff cites *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006), which denied FLSA coverage but held the FLSA may apply to employees working for an instrumentality of interstate commerce or one who regularly uses instrumentalities of interstate commerce in their employment, regardless of the gross revenue of the business for which the employee works.

Plaintiff contends that he was an employee who regularly used instrumentalities of interstate commerce, and therefore covered by the FLSA. In support, he notes that he was a cook for Defendants, which required him to oversee the "inventory of the restaurant's grocery and supply stock, quality control of all goods, placing orders for groceries and supplies to vendors via telephone, and overseeing other employees." (DE #28 at 6). Furthermore, Plaintiff suggests that because he handled certain types of food

that may have been of international origin—"salmon from Scotland, yellow tail fish from Japan, shrimp from Thailand, and tuna hamosa from [the] Phillipines and Indonesia" (DE #28 at 8)—he "was in constant contact with instrumentalities of commerce." *Id.* Likewise, because the type of food preparation in which he was involved had its roots in Brazil and he interacted on a daily basis with "foreign customers coming in and out of the restaurant," Plaintiff claims he should qualify as an employee engaged in interstate commerce. *See, e.g.*, (DE #28-2 ¶11).

However, after considering the evidence submitted by Defendants, the Court finds that Plaintiff's contention is frivolous and lacks merit. Neither interaction with foreigners nor reliance upon a foreign means of food preparation supports FLSA coverage. The Court so holds as a matter of law. Furthermore, where the only evidence before the Court suggests that any involvement Plaintiff had with vendors or inventory was limited to those residing within Florida and engaged, insomuch as they dealt with Defendants, in intrastate activities (DE #31-2, 31-3), he cannot be considered an employee who regularly uses instrumentalities of interstate commerce or an employee working for an instrumentality of commerce within the meaning of *Thorne*. *Accord Thorne*, 448 F.3d at 1265-69; *Monelus v. Tocodrian*, 598 F. Supp. 2d 1312, 1314-15 (S.D. Fla. 2008) (denying FLSA coverage on similar basis).

Therefore, notwithstanding the FLSA's liberal intent to "protect all covered workers from substandard wages and oppressive working hours," such intent cannot be broadened to cover even those employees that fall outside the scope of FLSA coverage.

Therefore, summary judgment is appropriately entered on Defendants' behalf on all counts.

### IV. Conclusion

Accordingly, after considering the parties' filings and the record before it, it is

**ORDERED, ADJUDGED** and **DECREED** that:

1. Defendants' Amended Motion for Summary Judgment (DE #26) be, and the same is hereby, **GRANTED**.

2. The Clerk shall **DENY as moot** all pending motions, and **CLOSE** the above-styled matter.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 21st day of July, 2011.

```
                          JAMES LAWRENCE KING
                          UNITED STATES DISTRICT JUDGE
```

cc:

*Counsel for Plaintiff*
**Fiorella Francesca Del Aguila**
10800 Biscayne Blvd., Ste 988
Miami, FL 33161
305-893-8989

**Puemsuk Tony Pornprinya**
10800 Biscayne Boulevard
Miami, FL 33161-7400
305-893-8989
Fax: 891-7717
Email: tony@miamidadelaw.net

*Counsel for Defendants*
**Joseph McLean Maus**
Joseph M. Maus, P.A.

7

901 East Atlantic Boulevard
Pompano Beach, FL 33060
954-784-6310
Fax: 784-6313
Email: jmaus@mauslawfirm.com